Cathyrn E. Hinshaw Executive Director, AR Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have requested an Attorney General opinion concerning the provisions of A.C.A. § 24-11-830, which governs the Deferred Retirement Option Plan (DROP) for fire fighters.
You have asked:
(1) What is a "participating municipality"?
 (2) Does A.C.A. § 24-11-830 mean that a fire fighter can never again work for any fire department, anywhere, once retired from DROP, or does it mean that the fire fighter cannot work for the fire department from which he/she retired?
 (3) If this section does not apply to a particular municipality's DROP members and it is permissible for them to rejoin the department as volunteers, is there any state or federal law that would prevent the city from covering and paying the health insurance premiums for these people?
RESPONSE
Question 1 — What is a participating municipality?
It is my opinion that a "participating municipality," within the meaning of A.C.A. § 24-11-830, is any municipality that has voted to participate in the DROP program.
The provision in question states:
 (c)(2) At the conclusion of a member's participation in the Arkansas Fire Fighters' Deferred Retirement Option Plan, the member shall terminate employment with all participating municipalities as a fire fighter and shall start receiving the member's accrued monthly retirement benefit from the firemen's pension and relief fund.
A.C.A. § 24-11-830(c)(2).
The phrase "participating municipalities," as used in the above-quoted section, is not defined, nor have the Arkansas courts interpreted the phrase. Moreover, neither the title nor the language of the original act provides any guidance on this issue. See Acts 1994, No. 1004, § 1. The companion provision for police officers lends no assistance either. See
Acts 1993, No. 757, § 1. My predecessor opined that this phrase refers to the fact that each municipality may decide whether or not to participate in the DROP program. See Op. Att'y Gen. No. 98-033. Under this interpretation, the purpose of the reference to "participating municipalities" is to distinguish between cities that have decided to participate in the DROP program and those that have decided not to participate. Id. I find that this interpretation is reasonable, given the context of the usage of the phrase. Because the DROP program is the sole subject of the statute (and because it was the sole subject of the Act from which the statute was codified), the only plausible reference for the word "participating" would be the DROP program. It follows from this interpretation that the phrase "participating municipalit[y]" refers to any municipality that has decided to participate in the DROP program.
Question 2 — Does A.C.A. § 24-11-830 mean that a fire fighter can neveragain work for any fire department, anywhere, once retired from DROP, ordoes it mean that the fire fighter cannot work as a volunteer for thefire department from which he/she retired?
It is my opinion that A.C.A. § 24-11-830 prohibits DROP retirees from working for the fire department of any Arkansas municipality that participates in the DROP program.
The basis for my conclusion regarding this matter is the plain language of the provision itself. Again, the provision states:
 (c)(2) At the conclusion of a member's participation in the Arkansas Fire Fighters' Deferred Retirement Option Plan, the member shall terminate employment with all participating municipalities as a fire fighter and shall start receiving the member's accrued monthly retirement benefit from the firemen's pension and relief fund.
A.C.A. § 24-11-830(c)(2) (emphasis added).
Even if the reference of the phrase "participating municipalities" is debatable, there is no question that whatever a "participating municipality" is, the statute refers to all such entities. The language of this section is unambiguous in that regard. I must, therefore, give this language its plain meaning. Yamaha Motor Corp. v. Richard's HondaYamaha, 344 Ark. ___, ___ S.W.3d ___ (March 1, 2001). Accordingly, it is clear that whatever "participating municipalities" are, a DROP retiree cannot work for any of them.
Because I have interpreted the phrase "participating municipalities" to refer to municipalities that have decided to participate in the DROP program, I must conclude that DROP retirees cannot work for any
municipality that participates in the DROP program.
Although it is not entirely clear, your question appears also to be asking whether the situation would be different if the DROP retiree worked for the department from which he/she retired, as a volunteer (i.e., a non-paid employee), rather than as a regular employee. It is my opinion that A.C.A. § 24-11-830 does not prohibit DROP retirees from working for any department as non-paid volunteers. Indeed, retirees from fire departments are specifically authorized to remain involved in the work of the department if they do not receive compensation for such involvement. This authorization is stated in A.C.A. § 24-11-818(f)(2), as follows:
 (f)(2) Notwithstanding the provisions of subsection (a) of this section or any other law to the contrary, a person retired from the service of a fire department may remain actively involved in the fire department, provided the person does not receive compensation for the service provided.
A.C.A. § 24-11-818(f)(2).
In contrast, the provisions of A.C.A. § 24-11-830 seem to be aimed at prohibiting situations in which a DROP retiree returns to work in exchange for compensation.
Therefore, if the DROP retiree does not receive compensation for serving as a "volunteer," his/her volunteer service is not prohibited.
Question 3 — If this section does not apply to a particularmunicipality's DROP members and it is permissible for them to rejoin thedepartment as volunteers, is there any state or federal law that wouldprevent the city from covering and paying the health insurance premiumsfor these people?
It is my opinion that if a DROP retiree returns to work for the department as a volunteer, the municipality is authorized to pay that volunteer's health insurance premiums. This authorization is set forth in A.C.A. § 24-11-818(f)(1)(B), which states:
 (f)(1) For purposes of this subsection, the term "compensation" shall not include:
* * *
 (B) Any expenditures by a municipality, as determined on a case by case basis, on behalf of the retired fire fighter for hospitalization insurance benefits.
A.C.A. § 24-11-818(f)(1)(B).
This explanation that expenditures for hospitalization insurance benefits do not constitute "compensation" immediately precedes the section quoted in response to Question 2 concerning volunteers not receiving compensation. I have previously interpreted these sections to provide that municipalities can pay the health insurance premiums for retired volunteers, without violating A.C.A. § 24-11-830(c). See Op. Att'y Gen. No. 99-210.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh